# The Atkin Firm, LLC
### Attorney at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
 ---
* Member of NJ, NY, and PA Bar

Tel: (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

March 20, 2026

**VIA ECF**
Hon. Clay H. Kaminsky, U.S.M.J.
U.S. Dist. Court E. Dist. of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 151.202.98.244**
                **Dkt. No. 1:26-cv-01629-CHK**

Judge Kaminsky,

I represent Plaintiff Strike 3 Holdings, LLC ("Plaintiff") in the above-referenced matter. Pursuant to Your Honor's Individual Practices & Rules, Plaintiff respectfully submits this letter motion seeking a discovery conference to address whether the Court will grant Plaintiff leave to file a third-party subpoena prior to the Rule 26(f) conference, subject to a protective order (or, in the alternative, leave for Plaintiff to brief this motion). As explained below, Plaintiff has no means to contact Defendant and therefore Plaintiff cannot meet-and-confer with Defendant or comply with the requirement that this letter be jointly composed.

This is an Internet piracy case. The Defendant's identity is known only by the Internet Service Provider ("ISP") that assigned the Internet Protocol ("IP") address Defendant used to infringe on Plaintiff's copyrighted works. As the Second Circuit has recognized, "situations arise in which the identity of alleged defendants may not be known prior to the filing of a complaint," and that "[i]n such situations, 'the plaintiff should be given an opportunity through discovery to identify the unknown defendants.'" *In re Murphy*, 482 Fed. Appx. 624, 627 (2d Cir. 2012) (quoting *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)). This is just such a case.

Defendant's ISP can only release Defendant's identity pursuant to a court order. *See* 47 U.S.C. § 551(c). Similarly, pursuant to Rule 26(d)(1), except for circumstances not applicable here, a party may not propound discovery in advance of a Rule 26(f) conference without a court order. "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint— much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted), *rev'g*, 351 F. Supp. 3d 160 (D.D.C. 2018). In short, "without granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).

Hon. Clay H. Kaminsky, U.S.M.J.
March 20, 2026

Although courts enjoy broad discretion over discovery disputes, a court will exceed its discretion if its discovery rulings fall outside the range of permissible decisions by being "so limited as to affect a party's substantial rights." *In re 650 Fifth Ave. & Related Properties,* 934 F.3d 147, 157 (2d Cir. 2019) (citation omitted). "The substantial right at issue here is that [a] party must be afforded a meaningful opportunity to establish the facts necessary to support [its] claim." *Id.* (citation omitted). In the Second Circuit, "courts assess applications for expedited discovery prior to a Rule 26(f) conference under a 'flexible standard of reasonableness and good cause,'"[1] and typically utilize the five-factor test adopted in *Arista Records LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) when "assessing a plaintiff's initial *ex parte* motion for a Rule 45 subpoena." *Strike 3 Holdings, LLC v. Doe*, No. 19-945, 2019 WL 4752094, at \*1, \*2 n.1 (E.D.N.Y. Sept. 30, 2019) (citation omitted). Those factors are:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista*, 604 F.3d at 119 (quoting *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004) (Chin, J.)).  All five of the *Arista* factors are present here.

First, Plaintiff "quite clearly" and "unmistakably" alleges the elements of copyright infringement. *Strike 3,* 2020 WL 3567282 at \*5–6; *see Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Sohm v. Scholastic Inc.,* 959 F.3d 39, 48 (2d Cir. 2020); *see also Kansas v. Glover,* 589 U.S. 376, 378–87 (2020) (recognizing reasonable inference that driver is also the owner of vehicle in absence of negating information). Second, the request is "highly specific." *Malibu Media, LLC v. Doe,* No. 18-766, 2018 WL 2386068, at \*3 (D. Conn. May 25, 2018); *see Strike 3 Holdings, LLC v. Doe,* 329 F.R.D. 518, 521 (S.D.N.Y. 2019). Third, there are no alternative means to obtain this information. *See Strike 3 Holdings, LLC v. Doe,* No. 18-569, 2018 WL 4109394, at \*2 (W.D.N.Y. Aug. 28, 2018). Fourth, the need for this information cannot be overstated: "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music Entm't, Inc.,* 326 F. Supp. 2d at 566; *Malibu Media, LLC v. Doe,* No. 15-3504, 2016 WL 4444799, at \*11 (E.D.N.Y. Aug. 23, 2016).

---

[1] Importantly, while the "good cause" requirement itself was eliminated from Rule 26 by amendment in 2015 and replaced "with the overarching relevance and proportionality standard," *Strike 3*, 964 F.3d at 1207 n.2, *Arista*'s "good cause" factors remain useful to confirm what "[c]ommon sense dictates," namely, that this relevant and proportional "discovery should be provided in an expedited fashion." *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at \*8 (D.N.J. June 30, 2020), *rev'g*, 2019 WL 5446239 (D.N.J. Oct. 24, 2019); *see Malibu Media, LLC v. Doe*, No. 15-3147, 2016 WL 5478433, at \*4 (S.D.N.Y. Sept. 29, 2016) (observing that the defendant's identity is "unquestionably" relevant); *see also Strike 3 Holdings, LLC v. Doe*, No. 18-2648, 2019 WL 78987, at \*3 (S.D.N.Y. Jan. 2, 2019).

Hon. Clay H. Kaminsky, U.S.M.J.
March 20, 2026

Finally, "Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest," *Strike 3 Holdings, LLC v. Doe,* No. 18-01490, 2019 WL 5084520, at *2 (W.D.N.Y. Jan. 28, 2019), which may be protected by the entry of a "limited protective order" that "balances the Plaintiff's right to pursue its claims and the concomitant right of access to court proceedings enjoyed by the public with . . . legitimate privacy interests" of the defendant. *Strike 3,* 2020 WL 3567282 at *11. To that end, Plaintiff notes that the Honorable Steven I. Locke has issued several opinions in similar Internet piracy cases establishing procedural safeguards, such as allowing a defendant to proceed under the name "John Doe" and setting forth a schedule for a defendant to move to quash or modify the court-authorized subpoena. *See, e.g., In re Strike 3 Holdings, LLC,* No. 17-5630, 2018 WL 1710172 (E.D.N.Y. Apr. 9, 2018); *In re Malibu Media Copyright Infringement Cases,* No. 17-01080 (E.D.N.Y. March 13, 2017). Many courts within this District have adopted Judge Locke's decisions when granting early discovery in these matters, and Plaintiff would respectfully encourage the Court to similarly establish such procedure here, should the Court find it appropriate.

Accordingly, for the foregoing reasons, Plaintiff respectfully requests a discovery conference to address whether the Court will grant Plaintiff leave to file a third-party subpoena prior to the Rule 26(f) conference, subject to a protective order (or, in the alternative, leave for Plaintiff to brief this motion).

Finally, in the event the Court opts to treat this letter request as the discovery motion itself, Plaintiff has included a proposed order for the Court's consideration.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ John C. Atkin*

John C. Atkin, Esq.

Encl.

3